1  STACEY E. JAMES, Bar No. 185651
   sjames@littler.com
2  HEIDI E. HEGEWALD
   hhegewald@littler.com
3  LITTLER MENDELSON, P.C.
   501 W. Broadway, Suite 900
4  San Diego, California  92101.3577
   Telephone:   619.232.0441
5  Fax No.:     619.232.4302

6  Attorneys for Defendants
   BWW RESOURCES, LLC, INSPIRE BRANDS, INC.
7  AND BUFFALO WILD WINGS, INC.

8
                    UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11
   RYAN DEVORE, individually and on behalf of | Case No.
12 all others similarly situated,
                                              | [Sacramento Superior Court
13              Plaintiffs,                   |  Case No. 34-2021-00304976]

14         v.                                 | **DEFENDANTS BWW RESOURCES,
                                              | LLC; INSPIRE BRANDS, INC.; AND
15 BWW RESOURCES, LLC, a Delaware             | BUFFALO WILD WINGS, INC.'S
   Corporation; INSPIRE BRANDS, INC., a       | NOTICE TO FEDERAL COURT OF
16 Georgia Corporation; BUFFALO WILD          | REMOVAL OF CIVIL ACTION FROM
   WINGS, INC., a Minnesota Corporation; and  | STATE COURT PURSUANT TO 28
17 DOES 1 through 20, inclusive,              | U.S.C. §§ 1332, 1441 AND 1446**

18              Defendants.
                                              | Trial Date:     Not Set
19                                            | Complaint Filed: July 27, 2021

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE TO FEDERAL
COURT OF REMOVAL OF CIVIL ACTION                          CASE NO. 34-2021-00304976
PURSUANT TO 28.U.S.C. §§ 1332, 1441
AND 1446

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFF, AND HIS ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Defendants BWW RESOURCES, LLC; INSPIRE BRANDS, INC.; and BUFFALO WILD WINGS, INC. (collectively "Defendants") hereby remove the state court action described herein, filed by Plaintiff Ryan DeVore ("Plaintiff") in the Superior Court in the State of California for the County of Sacramento, Case No. 34-2021-00304976, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and Civ. L.R. 120(d). Defendants make the following allegations in support of its Notice of Removal:

**I.  STATEMENT OF JURISDICTION**

1. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice of Removal.

**II.  VENUE**

2. Plaintiff originally brought this action in the Superior Court of the State of California, County of Sacramento. Therefore, venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 84(a)(1), 1441(a), and 1446(a).

**III.  PLEADINGS, PROCESS, AND ORDERS**

3. On July 27, 2021, Plaintiff filed a Class Action Complaint against Defendants and various Doe defendants in the Sacramento County Superior Court entitled *Ryan DeVore, individually and on behalf of all others similarly situation, v. BWW Resources, LLC, a Delaware Corporation; Inspire Brands, Inc., a Georgia Corporation; Buffalo Wild Wings, Inc., a Minnesota Corporation; and*

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446     1     CASE NO. 34-2021-00304976

*Does 1 through 20, inclusive*, Case No. 34-2021-00304976 (the "Complaint"). (See **Exhibit ("Ex.") A**, attached hereto; see also Declaration of Stacey E. James ("James Decl.") ¶ 2.)

4. The Complaint asserts the following causes of action: (1) Violation of California Unfair Competition Law; (2) Failure to Provide Accurate Wage Statements; (3) Failure to Pay Minimum Wage for All Hours Worked; (4) Failure to Provide Meal and Rest Periods; (5) Waiting Time Penalties; (6) Failure to Reimburse Business Expenses; (7) Civil Penalties Pursuant to Private Attorney General Act, Labor Code § 2698 et seq. (See **Ex. A**.) The allegations in the Complaint are incorporated into this Notice of Removal by reference without admitting the truth of any of them.

5. On August 4, 2021, Defendant Buffalo Wild Wings, Inc. ("BWW Inc.") was served with the Complaint, along with copies of the Civil Case Cover Sheet and Summons, and Notice of Case Assignment through BWW Inc.'s registered agent for service of process, CSC. (See **Ex. B**, attached hereto; see also James Decl., ¶ 3.)

6. On August 4, 2021, Defendant BWW Resources, LLC ("BWW LLC") was served with the Complaint, along with copies of the Civil Case Cover Sheet and Summons, and Notice of Case Assignment through BWW LLC's registered agent for service of process, CSC. (See **Ex. C**, attached hereto; see also James Decl., ¶ 4.)

7. On August 11, 2021, Defendant Inspire Brands, Inc. ("Inspire Brands") was served with the Complaint, along with copies of the Civil Case Cover Sheet and Summons, and Notice of Case Assignment through Inspire Brand's registered agent for service of process, CSC. (See **Ex. D**, attached hereto; See also James Decl., ¶ 5.)

8. On September 2, 2021, Defendants filed an Answer to the Complaint. (See **Ex. E**, attached hereto; see also James Decl., ¶ 6.)

9. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in the Sacramento County Superior Court or served by any party other than as described above. (James Decl., ¶ 7.) To Defendants' knowledge, no proceedings related hereto have been heard in the Sacramento County Superior Court. (Id.)

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446   2   CASE NO. 34-2021-00304976

### IV. TIMELINESS OF REMOVAL

10. An action may be removed from state court by filing a notice of removal – together with a copy of all process, pleadings, and orders served on the defendant – within thirty days of defendant receiving service of the initial pleading. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the thirty-day removal period runs from the service of the summons and complaint).

11. Removal of this action is timely because this Notice of Removal has been filed within thirty days of August 4, 2021, when Defendants BWW Inc. and BWW LLC were served with the Summons and Complaint. *See* 28 U.S.C. § 1446(b). Because Plaintiff personally served the Summons and Complaint upon defendants BWW Inc.'s and BWW LLC's agents for service of process on August 4, 2021, the thirty-day period for removal runs through September 3, 2020. As referenced above, this Notice of Removal also contains all process, pleadings, and orders that were served on Defendants or otherwise obtained by Defendants, and the Answer filed and served by Defendants on September 2, 2021. (See James Decl., ¶¶ 2-6; Exs. A-E.)

### V. CAFA JURISDICTION

12. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant, where there are at least 100 putative class members, and where the matter's amount in controversy exceeds $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is properly removed by the filing of this Notice of Removal.

**A.   This is a Class Action.**

13. Plaintiff filed this action as a class action. (Complaint, ¶¶ 1, 2, 14-16.)

**B.   The Proposed Class Contains At Least 100 Members.**

14. The provisions of CAFA apply to proposed class actions involving 100 individuals or more. 28 U.S.C. § 1332(d)(5)(B). This requirement is met in this case.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446

3

CASE NO. 34-2021-00304976

15.     Plaintiff seeks to represent a putative class consisting of "All non-exempt employees who were employed by Defendants in California at any time four (4) years prior to the filing of this Action up to the date that this matter is certified as a class action." (Complaint, ¶ 14.)

16.     As it relates to the putative class, Defendants employed in excess of 100 employees in the State of California as hourly, non-exempt employees from July 27, 2017 to July 31, 2021. (Declaration of Kristin Winslow in Support of Notice of Removal to Federal Court ["Winslow Decl."], ¶ 5.) During the relevant time period, BWW LLC and its predecessor affiliate employed at least 16,140 non-exempt employees in California.[1] (Id.) Thus, CAFA's requirement that the action involve 100 or more individuals is easily satisfied.

### C.      Defendants Are Not A State, State Official, Or Governmental Entity.

17.     CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief." 28 U.S.C. § 1332(d)(5)(B).

18.     Defendants are each companies, and none are a state, state official, or other governmental entity. (*See* Declaration of Tony Harmon ["Harmon Decl."], ¶¶ 3-5.)

### D.      There Is Diversity Between At Least One Putative Class Member And One Defendant.

19.     CAFA's minimal diversity requirement is satisfied, *inter alia*, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the unnamed putative class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Additionally, for removal purposes, diversity must exist both at the time the action was

---

[1] Of these 16,140 employees, many of them (but not all) may have entered into an agreement to arbitrate their claims with Defendants and agreeing to waive their right to participate in a class action. This precise number is not reasonably ascertainable at this point in the litigation. For the purposes of removal, Defendants are including these employees for the purposes of calculating the amount in controversy based on the allegations in Plaintiff's Complaint. Defendants can easily meet the amount in controversy irrespective of the number of employees who may have entered into the arbitration agreement, given the putative class size of 16,140. Defendants reserve the right to challenge the allegations in Plaintiff's Complaint and enforce all class action waivers executed by members of the putative class.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446      4      CASE NO. 34-2021-00304976

1   commenced in state court and at the time of removal. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300
2   F.3d 1129, 1131 (9th Cir. 2002). Diversity of citizenship exists here because Plaintiff and Defendants
3   are citizens of different states.

4   20.   For diversity purposes, a person is a "citizen" of the state in which he is domiciled.
5   *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile
6   is the place he resides with the intention to remain). Furthermore, allegations of residency in a state
7   court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship.
8   *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514,
9   519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a
10  presumption of continuing residence in [state] and put the burden of coming forward with contrary
11  evidence on the party seeking to prove otherwise"); *Overholt v. Airista Flow Inc.*, No. 17cv1337-
12  MMA (AGS), 2018 WL 355231, at *4 (S.D. Cal. Jan. 10, 2018) (citations omitted).

13  21.   Here, at the time Plaintiff commenced this action and, upon information and belief, at
14  the time of removal, Plaintiff resided in and was a citizen of the State of California. (Complaint, ¶ 5
15  ["Plaintiff RYAN DEVORE is over the age of eighteen (18) and is a resident of the State of California
16  and an employee of Defendants."].) Accordingly, for purposes of diversity jurisdiction, Plaintiff is a
17  citizen of the State of California.

18  22.   For diversity purposes, a limited liability company is deemed to be a citizen of every
19  state of which its members are citizens. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990);
20  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("An LLC is a citizen
21  of every state of which its owners/members are citizens.").

22  23.   Here, at the time Plaintiff filed his Complaint on July 27, 2021, BWW LLC was, and
23  still is, a limited liability company organized under the laws of the State of Delaware. (Harmon Decl.,
24  ¶ 5.) BWW LCC has its principal office in Atlanta, Georgia. (Id.) As of the time of the filing of the
25  Complaint and at the time of this removal, IRB Holding Corp, the sole member of BWW LLC, was
26  not a citizen of the State of California. (*See* Harmon Decl., ¶ 5, Exh. 1 [Statement of Information filed
27  with the California Secretary of State confirming BWW LCC is organized under the laws of Delaware

28

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446

5   CASE NO. 34-2021-00304976

and IRB Holding Corp. has its principal place of business in Atlanta, Georgia and listing its address as Atlanta, Georgia].) As of the time of the filing of the Complaint and at the time of this removal, BWW LLC is a citizen of Delaware and Georgia and is not a citizen of the State of California.

24. Inspire Brands is a corporation organized under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia. (Harmon Decl., ¶ 3.) As of the time of the filing of the Complaint and at the time of this removal, Inspire Brands is a citizen of Delaware and Georgia and is not a citizen of the State of California.

25. BWW Inc. is a corporation organized under the laws of the State of Minnesota, with its principal place of business in Atlanta, Georgia. (Harmon Decl., ¶ 4.) As of the time of the filing of the Complaint and at the time of this removal, BWW Inc. is a citizen of Minnesota and Georgia and is not a citizen of the State of California.

26. The presence of Doe defendants in this case has no bearing on diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) ("28 U.S.C. § 1441(a) explicitly provides that the citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").

27. Accordingly, the named Plaintiff is a citizen of a state (California) different from Defendants, and diversity exists for purposes of CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A), 1453.

### E. The Amount In Controversy Exceeds $5,000,000.

28. The removal statute requires a defendant seeking to remove a case to federal court to file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), the Supreme Court recognized that "as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id.* at 554. "[T]he defendant's amount-in-controversy allegation should be accepted" just

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446    6    CASE NO. 34-2021-00304976

1  as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court diversity jurisdiction. *Id.* at 553.

29. For purposes of determining whether the amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (stating that the amount in controversy analysis presumes that "plaintiff prevails on liability")). The ultimate inquiry is the amount that is put "in controversy" by the allegations of a plaintiff's complaint, not what a defendant might actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); *accord Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (explaining that even when the court is persuaded the amount in controversy exceeds $5,000,000, defendants "are still free to challenge the actual amount of damages in subsequent proceedings and at trial" because they are only estimating the amount in controversy).

30. Defendants deny the validity and merit of the entirety of Plaintiff's claims, the legal theories upon which they are ostensibly based, and the claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class are entitled to any damages or penalties whatsoever, it is readily apparent that the allegations of Plaintiff's Complaint establish that the amount in controversy exceeds CAFA's jurisdictional minimum of $5,000,000.[2]

31. When, as here, a plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so. Defendants' notice of removal must simply include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554.

---

[2] As noted, the assumptions and estimations considered herein are based only on Plaintiff's allegations in his Complaint, and do not constitute an admission by Defendants of any wrongdoing. Defendants maintain that at all times they complied with all applicable California wage and hour laws. The assumptions and estimations made herein are for the sole purpose of demonstrating that Plaintiff's Complaint puts at issue more than the minimum jurisdictional amount required for removal under the CAFA. Defendants reserve the right to deny, challenge, and dispute the allegations in Plaintiff's Complaint.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446    7    CASE NO. 34-2021-00304976

### i. Wage Statements Penalties

32. Defendants are entitled to base calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiff in his Second Cause of Action alleging failure to provide accurate wage statements.

33. Plaintiff alleges the following:

   a. "Defendants issued wage statements to Plaintiff and similarly situated employees that did not comply with California law because, among other things, they did not include all hours worked." (Complaint, ¶ 2.)

   b. "Defendants did not provide Plaintiff and similarly situated employees legally compliant wage statements noting, among other things, total hours worked, gross wages earned, the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. (Complaint, ¶ 28.)

   c. ". . . Defendants failed to issue to Plaintiff and similarly situated employees an itemized wage statement that lists all the requirements under California Labor Code 226 et seq." (Complaint, ¶ 30.)

   d. "Defendants failed to list on the wage statements provided to Plaintiff and similarly situated employees all hours worked and the applicable rates of pay and overtime rate . . . [and] Plaintiff alleges that Defendants failed to provide accurate itemized wage statements in accordance with Labor Code section 226(a) to all members of the Labor Code Class." (Complaint, ¶ 42.)

   e. "Plaintiff alleges he suffered injury as a result of Defendants' knowing and intentional failure to provide accurate and complete information as required by any one or more of items (1) to (9), inclusive, of Labor Code section 226, subdivision (a), and Plaintiff cannot promptly and easily determine (i.e. a reasonable person in each Plaintiff's position would not be able to readily

ascertain the information without reference to other documents or information) from the wage statement alone. Cal. Lab Code § 226(e)(2)(B)(iv)." (Complaint, ¶ 43.)

34. Thus, Plaintiff alleges that he ". . . and Class Members were damaged and are entitled to statutory and civil penalties under the Labor Code, and attorney's fees and costs, in an amount to be proven at trial." (Complaint, ¶ 44.)

35. Accordingly, it is reasonable to assume, as Plaintiff alleges, that under Plaintiff's theory, each wage statement issued during the relevant period of time allegedly failed to include total hours worked, gross wages earned, the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate. *See Duberry v. J. Crew Grp., Inc.*, No. 2:14-cv-08810-SVW-MRW, 2015 WL 4575018, at *6-7 (C.D. Cal. July 28, 2015) (finding it reasonable to apply a 100% violation rate as to the inaccurate wage statement claim); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204 (E.D. Cal. 2008) (courts may consider maximum penalty in calculating amount in controversy for wage statement claim).

36. As it relates to the putative class, Defendants employed in excess of 100 employees in the State of California as hourly, non-exempt employees from July 27, 2020 to August 31, 2021. (Winslow Decl., ¶ 5.) During the relevant time period, BWW LLC employed 7,197 non-exempt employees in California. (Id.)

37. Plaintiff's wage statement claim is subject to a one-year statute of limitations. *See Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 462 (S.D. Cal. 2007) (recovery under Section 226(a) constitutes a penalty and therefore is governed by a one-year statute of limitations under California Code of Civil Procedure § 340(a)). During the period of July 27, 2020, to the date of this removal, Defendants issued wage statements to its California employees on a bi-weekly basis. (Winslow Decl., ¶ 6.) California Labor Code § 226(c) provides for penalties in the amount of "fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)." Accordingly, a conservative estimate of Plaintiff's claim for Section

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446

9

CASE NO. 34-2021-00304976

226(c) penalties for 7,197 employees would result in an amount in controversy for the statutory time period of at least **$19,791,750.00** (7,197 employees x (1 pay period x $50 + 27 pay periods x $100)).

38. These assumptions are conservative and reasonable.

### ii. Minimum Wage Penalties

39. Defendants are entitled to base its calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiff regarding minimum wage violations. Plaintiff makes various allegations including:

   a. ". . . Defendants failed to. . . pay all minimum wages owed. . ." (Complaint, ¶ 19.)

   b. "Claimant and similarly situated employees were suffered and permitted to work off the clock without compensation when they were required to drive to other store locations in their own personal vehicles without pay." (Complaint, ¶ 25.)

   c. "Defendants' uniform policies and practices to not [pay] Plaintiff and Class Members. . . all minimum wages earned. . ." (Complaint, ¶ 31.)

40. Plaintiff alleges that "Defendants' conduct. . . violates California Labor Code section 1194, and Wage Orders. As a proximate result of Defendants' conduct, Plaintiff and the Plaintiff Class have been damaged and deprived of minimum wages, in an amount to be established at trial. Plaintiff and the Plaintiff Class now seek these wages, liquidated damages pursuant to California Labor Code section 1194.2, attorney's fees and costs, and interest pursuant to California Labor Code sections 1194." (Complaint, ¶ 51.)

41. Based on Plaintiff's allegations, it is reasonable to assume – for purposes of calculating the amount placed in controversy by Plaintiff's Third Cause of Action for minimum wage violations – that between July 27, 2017 to July 31, 2021 (dates within the relevant time period alleged in the Complaint), at least ten percent of the 16,140 California employees, or putative class members, worked off the clock traveling in their personal vehicles at least once each week. Assuming 10 minutes of uncompensated time each week, the amount in controversy for the time period of July 27, 2017 to July

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446    10    CASE NO. 34-2021-00304976

1  31, 2021 is at least **$602,126.91** (1,614 employees (10% of the 16,140 in the putative class) x 209 weeks x .17 hours x $10.50/hour).

42. These assumptions are reasonable. Defendants assume this claim only affected 10% of the putative class and assumed the average of the minimum wage rate of $10.50/hour for the entire time period, despite that many employees undoubtedly earned more than minimum wage throughout the relevant time period.[3]

43. In conclusion, the amount in controversy on Plaintiff's Third Cause of Action for minimum wage violations is at least **$602,126.91**.

### iii. Meal & Rest Period

44. Defendants are entitled to base calculations, for purposes of calculating the amount in controversy, on the argument and allegations by Plaintiff in his Fourth Cause of Action for Meal and Rest Period Violations. Plaintiff makes various allegations including:

   a. "Defendants failed to provide meal and rest periods to Plaintiff and similarly situated employees. . ." (Complaint ¶ 19.)

   b. "Defendants did not allow Claimant and similarly situated employees to take their statutorily required meal and rest periods. Defendants required Claimant and other similarly situated employees to clock out for a 30-minute meal period at the start of their shift, and required Claimant and other similarly situated employees to then work the remainder of their six to eight-hour shifts without any meal break period." (Complaint ¶ 22.)

   c. "Defendants also refused to provide rest periods to Claimant and similarly situated employees for every 4 hours worked or major fraction thereof." (Complaint ¶ 23.)

   d. ". . .Defendants maintained a policy and procedure by which Defendants failed to provide Plaintiff and similarly situated employees with compliant meal

---

[3] For employers of 26 or more employees, including Defendants, the minimum wage in California was as follows: As of January 1, 2017: $10.50/hour; January 1, 2018: $11.00/hour; January 1, 2019: $12.00/hour; January 1, 2020: $13.00/hour; January 1, 2021: $14.00/hour.

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA  92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446    11    CASE NO. 34-2021-00304976

breaks by requiring employees to clock out for their meal break immediately after clocking-in at the beginning of their shift, and then requiring employees to work the remainder of their six (6) to eight (8) hour shift without any meal break. In this way, Plaintiff and similarly situated employees essentially started their shift thirty (30) minutes later than the scheduled time, and were denied a compliant meal break." (Complaint ¶ 56.)

  e. ". . .Defendants failed to provide rest breaks of at least ten (10) minutes for each work period that he and similarly situated employees worked for four (4) hours or major fraction thereof." (Complaint ¶ 57.)

45. Plaintiff asserts that Plaintiff and members of the putative class are "entitled to one (1) hour of pay at the regular rate of compensation for each meal period and/or rest period not provided, as a wage, from three (3) years of the filing of this action . . ." (Complaint ¶ 58.) *See also* Labor Code § 226.7.

46. Between July 27, 2018 to July 31, 2021, dates within the relevant time period alleged in the Complaint, Defendants employed at least 12,164 employees in the State of California as hourly, non-exempt employees. (Winslow Decl., ¶ 5.) The minimum wage during the time period ranged from $11.00 to $14.00/hour.

47. Defendant "may make mathematical calculations using reasonable averages of, for example, hourly, monthly, and annual incomes of comparable employees when assessing the amount-in-controversy." *Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC (RNBx), 2014 WL 2468344, at *2 (C.D. Cal. May 30, 2014) (citing *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148-49 (C.D. Cal. 2010)). Accordingly, assuming a conservative estimate of fifty percent of the putative class suffered one meal period violation and one rest break violation per workweek during the relevant time period, the amount at issue for Plaintiff's Fourth Cause of Action for Meal and Rest Period Violations is **$20,873,424.00.** (156 weeks x 6,082 employees (50% of 12,164 employees) x 2 violations x $11.00). *See Long v. Destination Maternity Corp.*, No. 15cv2836-WQH-RBB, 2016 WL 1604968, at *8 (S.D. Cal. April 21, 2016) ("Because Plaintiff does not include fact-

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446     12     CASE NO. 34-2021-00304976

specific allegations regarding the circumstances of the alleged . . . rest periods, it is reasonable for Defendant to estimate damages sought based on one . . . rest period violation per employee per week." (citations omitted)).

48. Defendants' conservative assumptions of one meal period violation and one rest break violation per workweek, applicable to only 50% of the putative class to calculate the amount in controversy on Plaintiff's meal and rest break claims are reasonable, particularly given that courts often assume violation rates of 100% in calculating the amount in controversy when the complaint does not allege a more precise calculation. *See, e.g.*, *Ritenour v. Carrington Mortgage Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate."); *Thomas v. Aetna Health of Cal., Inc.*, No. 1:10-cv-01906-AWI-SKO, 2011 WL 2173715, at *20 (E.D. Cal. June 2, 2011); *Navarro v. Servisair, LLC*, No. C 08-02716 MHP, 2008 WL 3842984, at *8-9 (N.D. Cal. Aug. 14, 2008); *Alvarez v. Ltd. Express, LLC*, No. 07CV1051 IEG (NLS), 2007 WL 2317125, at *3 (S.D. Cal. Aug. 8, 2007); *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007).

49. These courts recognize "that imposing overly stringent requirements on a defendant to proving the amount in controversy would run the risk of essentially asking defendants to prove the plaintiffs' case." *Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *5 (N.D. Cal. June 14, 2013); *see also Jones v. Tween Brands, Inc.*, No. 2:14-CV-1631-ODW (PLAx), 2014 WL 1607636, at *2 (C.D. Cal. Apr. 22, 2014) (finding defendant did not need to provide payroll data to support removal because defendant "is not required to meet such a high burden.") (citing *Muniz*, 2007 WL 1302504, at *7).

50. For example, in *Muniz* the district court held that "a removing defendant is *not* obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Muniz*, 2007 WL 1302504, at *2 (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)); *see also Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204–05 (E.D. Cal. 2008). A defendant is thus not obligated "to support removal with production of extensive business records to prove or disprove

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446    13    CASE NO. 34-2021-00304976

liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz*, 2007 WL 1302504, at *5 (citing *McGraw*, 863 F. Supp. 2d at 434); *see also Thomas*, 2011 WL 2173715, at *20 ("[R]equiring Defendants to forecast an exact violation rate would essentially force a removing defendant to prove the plaintiff's case." (citing *Muniz*, 2007 WL 1302504, at *3)).

51. In *Alvarez*, the plaintiff broadly alleged meal and rest period violations based on an "'extreme workload' that made it 'virtually impossible' for defendant's employees to take meal periods and rest breaks" and a "'company culture' that discouraged meal periods and rest breaks." 2007 WL 2317125, at *3. Assuming the allegations in the complaint were true, the court concluded the plaintiff's complaint could support a 100% violation rate. *Id.*

52. Similarly, in *Muniz*, the plaintiff did not allege "facts specific to the circumstances of her or the class members' allegedly missed meal and/or rest periods"; "[i]nstead, plaintiff allege[d] a common course of conduct in violation of the law resulting in injury to herself and every other hourly employee employed by defendant in the State of California in the four years preceding the filing of the Complaint." 2007 WL 1302504 at *4. The court permitted the defendant to use a 100% violation rate to determine the maximum penalties, since the plaintiff was the "'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought." *Id.* (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *3 (N.D. Cal. July 10, 2014) (finding plaintiff's allegation that "[d]efendants implemented a *systematic, company-wide policy* to not pay rest period premiums" justified defendant's assumption of a 100% violation rate that was "reasonably grounded in the complaint."); *Leos v. Fed. Express Corp.*, No. 2:14-cv-02864-ODW(AGRx), 2014 WL 2586866, at *5 (C.D. Cal. June 10, 2014) ("courts have allowed the assumption of a 100–percent violation rate where the plaintiff alleges in the complaint that each member of the class has been harmed." (citing *Coleman*, 730 F. Supp. 2d at 1149)).

53. In *Coleman*, the court held that where the plaintiff does not include a limitation on the number of violations, and taking the complaint as true, the court may find the "Defendants could

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446

14

CASE NO. 34-2021-00304976

properly calculate the amount in controversy based on a 100% violation rate." 730 F. Supp. 2d at 1149-51. As in *Coleman*, here, Plaintiff fails to include any limitations on the alleged number of meal period or rest break violations or limitations on the number of putative class members allegedly injured. Thus, as in *Coleman*, Defendants would be justified calculating the amount in controversy based on a 100% violation rate.

54. That being said, for purposes of this removal Defendants assume only one meal period violation and one rest break violation per week, applicable to only 50% of the putative class, and use the most conservative minimum wage given the relevant period of time. As noted above, assuming a conservative estimate of fifty percent of the putative class suffered one meal period violation and one rest break violation per workweek during the relevant time period, the amount at issue for Plaintiff's Fourth Cause of Action for Meal and Rest Period Violations is estimated to be at least **$20,873,424.00**.

### iv. Waiting time penalties

55. Defendant is also entitled to base its calculations, for purposes of calculating the amount in controversy, on Plaintiff's claim for waiting time penalties. (Complaint ¶¶ 59-64.)

56. Waiting time penalties under California Labor Code § 203(a) are calculated at an employee's final daily rate of pay (*i.e.*, the employee's final wage rate times the employee's average shift length) times the number of days of waiting time penalties (up to 30 days). *See Mamika v. Barca*, 68 Cal. App. 4th 487, 491-93 (1998). Based on Plaintiff's allegations, it is reasonable to assume – for purposes of calculating the amount in controversy only – that none of the terminated putative class members were paid all of their wages owed upon termination. Taking the allegations in the Complaint as true, each of these employees is entitled to 30 days' wages in waiting time penalties under California Labor Code § 203. *See* Cal. Lab. Code § 203; *Giannini v. Northwestern Mut. Life Ins. Co.*, No. C 12-77 CW, 2012 WL 1535196, at *4 (N.D. Cal. April 20, 2012) ("Defendants can properly assume that all members of the former employee subclass were entitled to maximum waiting time penalties under Labor Code section 203."); *Wilson v. Best Buy Co., Inc.*, No. 2:10-cv-3136-GEB-KJN, 2011 WL 445848, at *2 (E.D. Cal. Feb. 8, 2011) (finding defendant provided plausible evidence to support all former employees were entitled to thirty days of penalties based on allegation that plaintiff and class

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446   15   CASE NO. 34-2021-00304976

members did not receive their wages within 72 hours of termination); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1206 n.4 (E.D. Cal. 2008) (applying full 30 days' worth of wages for Section 203 penalties because plaintiff "cannot avoid satisfaction of the amount in controversy by arguing that the class plaintiffs may be awarded less than the statutory maximum.").

57. The statute of limitations on a claim for waiting time penalties is three years. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1395 (2010) ("[N]o one disputes that when an employee sues to recover both unpaid final wages and the resulting section 203 penalties, the suit is governed by the same three-year limitations period that would apply had the employee sued to recover only the unpaid wages.").

58. Between July 27, 2018 and July 31, 2021, dates within the relevant time period alleged in the Complaint, Defendants employed approximately 12,164 non-exempt employees in the State of California, 8,997 of whom had their employment terminated. (Winslow Decl., ¶ 5.) Conservatively assuming that the average final pay rate for these terminated employees was the state minimum wage in 2018 (*i.e.*, $11.00/hour), and further conservatively assuming that these employees worked only 4-hour shifts (*i.e.*, the minimum shift length scheduled by BWW LLC (Winslow Decl., ¶ 6)), the amount in controversy at issue for Plaintiff's claim for waiting time penalties is at least **$11,876,040.00** (8,997 former non-exempt employees x $11.00 average rate of pay x 4 hours per day x 30 days). *See Jones*, 2014 WL 1607636, at *3 (defendant could rely on assumption of 100% violation rate where plaintiff sought "the statutory penalty wages for each day [the class members] were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203" and found the declaration in support of defendant's removal was sufficient where it set forth the total number of non-exempt employees within the class definition and the average hourly wage over the relevant time period).

59. These assumptions are conservative and reasonable. Defendants assume a final hourly rate of only $11.00 for the entire time period, despite: (a) California's minimum wage was increased to $12.00/hour effective January 1, 2019, increased to $13.00/hour beginning January 1, 2020, and increased to $14.00 effective January 1, 2021; and (b) many employees undoubtedly earned more than

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446

16

CASE NO. 34-2021-00304976

minimum wage. Second, Defendants assume only a four-hour workday despite the fact that four hours is the minimum shift length scheduled by BWW LLC.

60. In conclusion, the amount in controversy on Plaintiff's request for waiting time penalties is at least **$11,876,040.00.**

### iv. The aggregate amount in controversy exceeds $5,000,000

61. As set forth above, CAFA's amount in controversy requirement is satisfied by Plaintiff's claims for unpaid minimum wages, meal and rest period premiums, and waiting time penalties. Based on the above calculations, Defendant's conservative estimate of the aggregate minimum amount in controversy for only these claims is at least **$53,143,340.00.**

62.

| Cause of Action | Amount in Controversy |
| --- | --- |
| Wage Statements | $19,791,750.00 |
| Minimum Wage | $602,126.91 |
| Meal and Rest Periods | $20,873,424.00 |
| Waiting Time | $11,876,040.00 |
| Indemnification | Not calculated |
| **Total:** | **$53,143,340.00** |

63. Defendants' amount in controversy calculation does not take into account any additional amount placed in controversy due to Plaintiff's First Cause of Action for Violation of California Unfair Competition Law, Sixth Cause of Action for Reimbursement of Business Expenses, or Seventh Cause of Action for Civil Penalties Pursuant to Private Attorney General Act, Labor Code § 2698 et seq.

64. Plaintiff also seeks attorneys' fees (*see* Complaint, ¶¶ 1, 44, 51, 68; Prayer for Relief, ¶ 7), which the Court could consider and include in the amount in controversy since the California Labor Code allows recovery of such fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy.").

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446

17

CASE NO. 34-2021-00304976

1  Attorneys' fees awards in California wage and hour class actions can total millions of dollars. *See, e.g., McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638 (2010) (noting attorneys' fees paid in settlement of $1.6 million); *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296 (2010) (affirming $558,926.85 in attorneys' fees in exemption misclassification class action, but reversing as to multiplier); *Vasquez v. California*, 45 Cal. 4th 243, 249 (2008) (affirming award of $727,000 in attorneys' fees plus a multiplier that equates to total fees of $1,199,550 in class action involving violations of a living wage ordinance, the California Labor Code, as well as unfair competition and contract claims); *Jasso v. Money Mart Express, Inc.*, No. 11-CV-5500 YGR, 2012 WL 699465 (N.D. Cal. Mar. 1, 2012) ("[I]t is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'" (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)). Assuming 25% toward attorneys' fees, the additional amount in controversy would be $13,285,835.00 (25% of $53,143,340.00).

65. Even without considering Plaintiff's claims for expense reimbursement, or attorneys' fees, Plaintiff's claims place more than $5,000,000 in controversy. Removal of this action is therefore proper as the aggregate value of Plaintiff's class claims for statutory damages, statutory penalties, and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5,000,000. *See* 28 U.S.C. § 1332(d)(2).

66. In light of the above, there is no question that Plaintiff's claims exceed the jurisdictional minimum. Accordingly, the "amount in controversy" requirement under CAFA is satisfied in this case.

### VI.  NOTICE OF REMOVAL TO ADVERSE PARTY AND STATE COURT

67. Following the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Timothy B. Del Castillo and Lisa L. Bradner of Castle Law: California Employment Counsel, PC and a copy of the Notice of Removal will be filed with the Clerk of the Sacramento County Superior Court in accordance with 28 U.S.C. § 1446(d). (James Decl., ¶ 8.)

WHEREFORE, Defendants hereby remove this action from the Superior Court of the State of

California, County of Sacramento, to the United States District Court for the Eastern District of California.

Dated: September 3, 2021

LITTLER MENDELSON, P.C.

*/s/ Stacey E. James*
Stacey E. James
Heidi E. Hegewald

Attorneys for Defendants
BWW RESOURCES, LLC, INSPIRE BRANDS, INC. and BUFFALO WILD WINGS, INC.

4837-9463-8071.5 / 061451-1384

LITTLER MENDELSON, P.C.
501 W. Broadway, Suite 900
San Diego, CA 92101.3577
619.232.0441

NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION PURSUANT TO 28.U.S.C. §§ 1332, 1441 AND 1446

19

CASE NO. 34-2021-00304976